# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTHONY P.,[1]** | Case No. 1:25-cv-00732-IM |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

Rory J. Linerud, Linerud Law Firm, PO Box 5734, Salem, OR 97304. Attorney for Plaintiff.

Susanne Luse, Assistant United States Attorney, Kevin Danielson, Executive Assistant United States Attorney, and Scott E. Bradford, United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; and Jeffrey E. Staples, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Anthony P. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying his benefits. He argues the Administrative Law Judge ("ALJ") improperly: (1) assessed the medical opinion of Jeffrey

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

PAGE 1 – OPINION AND ORDER

Wise, Psychiatric-Mental Health Nurse Practitioner ("PMHNP") and the reports of Warren Roseland, Family Nurse Practitioner-Certified ("FNP-C"), and (2) explained and assessed Plaintiff's residual functioning capacity ("RFC"). Plaintiff's Brief ("Pl. Br."), ECF 8 at 3–20. This Court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied and for the reasons stated below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

## A.  Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence

Plaintiff argues the ALJ improperly rejected medical opinions provided by consultative examiners Jeffrey Wise, PMHNP and Warren Roseland, FNP-C. Pl. Br., ECF 8 at 3–16. This Court concludes that the ALJ reasonably discounted PMHNP Wise's opinion and that FNP-C Roseland's report was not a medical opinion.

### 1.  Legal Standard

For disability claims filed on or after March 27, 2017, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 404.1520c(a). The 2017 regulations eliminated the hierarchy of medical opinions and now provide that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the 2017 regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations

PAGE 2 – OPINION AND ORDER

and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

The regulations require ALJs to "articulate ... how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). In reviewing the ALJ's opinion, this Court "may not reweigh the evidence or substitute our judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). Even when Plaintiff's explanation and the ALJ's explanation are reasonable, the Commissioner's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### 2. PMHNP Wise's Opinion

On October 12, 2022, PMHNP Wise conducted a psychological evaluation of Plaintiff. AR 1010–15. PMHNP Wise opined Plaintiff had no limitations in his mental abilities to "[u]understand, retain, and follow instructions" and "[s]ustain attention to perform simple, repetitive tasks." AR 1014. He also opined Plaintiff had marked limitations in his ability to "[r]elate to others, including fellow workers and supervisor[s]," and "[t]olerate the stress/pressures associated with day to day work activity." *Id.* PMHNP Wise diagnosed Plaintiff with post-traumatic stress disorder ("PTSD") based on his clinical interview with Plaintiff and available medical records indicating his previous diagnoses of PTSD, depression, and anxiety. *Id.*

PAGE 3 – OPINION AND ORDER

The ALJ found PMHNP Wise's opinion partially persuasive. AR 23 citing (AR 1007–15). The ALJ found his opinion "not entirely persuasive" because it was inconsistent with Plaintiff's medical record and unsupported by his exam of Plaintiff. AR 23. The ALJ found PMHNP Wise's opinion inconsistent with "contemporaneous treatment records showing improved functioning following cessation of alcohol use." *Id.* The ALJ noted that during Plaintiff's abstinence from alcohol, he denied depression or anxiety symptoms, displayed symptom improvement, and his girlfriend reported he was "nicer." AR 22 (citing AR 378, 371). The ALJ also highlighted that during that period of sobriety, Plaintiff "demonstrated remarkable impulse control in response to his girlfriend's violent and disruptive behavior." AR 22 (citing AR 533). Further, he found PMHNP Wise's marked limitations of Plaintiff unsupported by his own mental status exam of Plaintiff, which reported Plaintiff's appropriate attitude and behavior. AR 23, 1013. The ALJ's reasoning was valid because he properly considered and discussed the factors of supportability and consistency.

### 3. FNP-C Roseland's Reports

FNP-C Roseland examined plaintiff in two consultative examinations, on July 23, 2022, and again on November 5, 2022. AR 996–1004, 1017–23. At both examinations, FNP-C Roseland conducted a "[c]omprehensive internal medicine exam with history," and at the second examination, FNP-C Roseland also conducted a "Mini-Mental Status Exam." AR 1016, 994. In his reports, FNP-C Roseland provided a review of Plaintiff's medical history, activities of daily living, and the results of his physical examination. AR 1017–23, 996–1004. In his report from the second examination, FNP-C Roseland included the Mini-Mental State Examination ("MMSE") finding that Plaintiff displayed a score of 26 out of 30 representing that his degree of mental impairment was "[q]uestionably significant," the lowest degree of impairment on the scale. AR 1002–4.

PAGE 4 – OPINION AND ORDER

Although the ALJ considered FNP-C Roseland's reports in formulating Plaintiff's RFC, he did not analyze the reports as medical opinions because the reports "did not provide a functional assessment and [are] not therefore an opinion under current Agency rules and regulations." AR 23. Social Security regulations define a "medical opinion" as "a statement from a medical source about what [Plaintiff] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions" to their work-related abilities. 20 C.F.R. § 404.1513(a)(2). Here, the ALJ properly determined FNP-C Roseland's reports were not medical opinions because neither report provided a functional assessment of Plaintiff. *See* AR 1017–23, 996–1004.

The ALJ reasonably considered the supportability and consistency of PMHNP Wise's opinion and properly found FNP-C Roseland's report was not a medical opinion. Because the ALJ's conclusions were supported by substantial evidence, this Court will not disturb the ALJ's finding.

## B.  RFC Determination

Plaintiff's final assignments of error are that the ALJ failed to explain how he arrived at his RFC determination and the RFC fails to account for all of Plaintiff's limitations. Pl. Br., ECF 8 at 16–20. This Court concludes the ALJ reasonably explained how he assessed Plaintiff's RFC and accounted for Plaintiff's limitations in the RFC.

The RFC must contemplate all medically determinable impairments, including those which the ALJ found to be non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. § 404.1545; SSR 96–8p. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only

PAGE 5 – OPINION AND ORDER

those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

First, Plaintiff argues the ALJ erred by finding Plaintiff capable of occasional interaction with co-workers and supervisors despite finding he could have no interaction with the public. Pl. Br., ECF 8 at 17–19. At its core, Plaintiff's briefing presents an alternate interpretation of the evidence. However, variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record. *See Trevizo v. Berryhill*, 871 F.3d 664, 674–75 (9th Cir. 2017) ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." (citing *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999)). Because the ALJ's RFC determination was a rational interpretation of the record supported by substantial evidence, this Court concludes that he did not err in formulating Plaintiff's RFC. Second, Plaintiff argues his RFC failed to account for all his limitations and inability to interact with others. Pl Br., ECF 8 at 19–20. Here, Plaintiff's arguments that the RFC failed to account for all his functional limitations are specifically tied to the ALJ's discounting of PMHNP Wise's medical opinion. *Id.* at 19. Thus, Plaintiff has not articulated an independent error here; his success rises and falls on the success of his other assignments of error, already addressed above.

This Court cannot "engage in second-guessing" of how the ALJ evaluated Plaintiff's RFC; this Court must only ask whether substantial evidence supports the ALJ's ultimate conclusions. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). Because such evidence is

PAGE 6 – OPINION AND ORDER

found in the record, this Court affirms the ALJ's decision and the Commissioner's decision in turn.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 2nd day of June, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – OPINION AND ORDER